[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

 United States Court of Appeals
 For the First Circuit

No. 98-1354

 UNITED STATES,

 Appellee,

 v.

 MARCOS A. RIVERA HERNANDEZ,

 Defendant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Coffin, Senior Circuit Judge,
 and Stahl, Circuit Judge.

 Ricardo R. Pesquera on brief for appellant.
 Guillermo Gil, United States Attorney, Rosa E. Rodriguez-
Velez, Executive Assistant United States Attorney, Nelson Perez-
Sosa, Assistant United States Attorney, and Jose A. Quiles-
Espinosa, Senior Litigation Counsel, on brief for appellee.

May 14, 1998

 Per Curiam. After conducting an independent review of
the district court record, and giving due deference to the
district court's findings of fact, see United States v.
Tortora, 922 F.2d 880, 882 (1st Cir. 1990), we decline to
disturb the order of pretrial detection. This order concluded
that the government had demonstrated, by clear and convincing
evidence, that "no condition or combination of conditions will
reasonably assure . . . the safety of any other person and the
community" if defendant is released. See 18 U.S.C. 3142(e).
 First, we accept the district court's conclusion that
the evidence shows that defendant is part of a tightly-knit
drug organization prone to violence. We also note that
defendant does not appear to play just a minor role in this
organization since, according to the government's proffer, he
has been tape-recorded discussing drug deals with the head of
the organization, Miguel Gonzalez-Sanchez. In this context, we
question defendant's contention that the discovery provided to
him so far shows only that he is a "small-scale buyer"; that
is, the amount he supposedly bought -- about one kilogram of
drugs -- arguably was not for personal use, but for resale.
 As for the conditions of release posed by defendant,
we agree that they are not adequate to assure the community's
safety. Specifically, the posting of the properties of
defendant's relatives as security for bail absent an agreement
that the properties be forfeited upon the breach by defendant
of any of the conditions of release goes more to assuring the
presence of defendant than to assuring the community's safety. 
See United States v. Patriarca, 948 F.2d 789, 793-94 (1st Cir.
1991). Similarly, electronic monitoring, while allowing
detection of flight, "cannot be expected to prevent a defendant
from committing crimes or deter him from participating in
felonious activity within monitoring radius." Tortora, 922
F.2d at 887. In the same vein, by permitting defendant to
work, "a sizeable loophole" may be created -- the opportunity
to use outside communication facilities to continue drug
dealaing. See id. Finally, given the prevalence of cellular
telephones, agreeing to have no telephone line in the home also
is scant protection against continued criminal activity. Seeid.
 In relation to defendant's medical condition, we note
that the district court entered an order on March 17, 1998
directing the prison warden to have defendant evaluated by a
neurologist "ASAP." We assume that this order has been obeyed
and that defendant's medical condition is under control. 
Should further problems arise, defendant can notify the
district court and request it to take appropriate action.
 Based on the foregoing, we affirm the order of
pretrial detention.